Tughman C. J.
delivered the opinion of the Court.
This is so plain a case, that it is difficult to render it plainer by argument. The defendant’s right to this property is just as good as his right would have been to a horse which he had purchased from a smith to whom he had been sent by the owner, for the purpose of being shod ; or to a coat, which *501 he had purchased from a taylor who had received it, with orders to mend, and return it. M'-Dermott, who delivered the goods in question to' the wagoner, was guilty of no imprudence, nor held out any false colours, by which the world might be deceived. He sent his goods from Huntingdon to Pittsburg in a wagon, according to the usual and notorious course of business. Every one knows, that in general, the wagoner has neither the property of the goods, nor an authority to sell them. Therefore, he who thinks proper to purchase from him, does it at his peril. Both the property and. the possession remained-in M'Dermott, who might have supported an action of trespass or trover against any one who had taken the goods by force from the carrier. And although the carrier is vested by law with a special property, by ,virtue of which he also might have maintained an action against a wrong doer, yet that special property does not impair the general property of the true owner, or give to the carrier an authority to sell. He who delivers his goods to a. carrier, gives him a bare authority to carry, but no interest; and the/ general property draws to it the legal possession. In Pennsylvania we have no market overt, by a sale in which, the property can be altered; so that the sale in the street at Pittsburg, gave no additional validity to the transaction. For this, I refer to the cases of Hosack v. Weaver, 1 Yeates, 478, Hardy v. Metzgar, 2 Yeates, 347. Easton v. Worthington, 5 Serg. Rawle, 130. It is the opinion of the Court therefore, that the. charge of the President of the Court of Common Pleas, was clearly right, and the judgment should be afhrmed.
Judgment affirmed.